UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OSMAN JALLOH,

                 Plaintiff,

- against -

THE CITY OF NEW YORK,

                 Defendant.
------------------------------------------------------------------X

**TRIAL BY JURY DEMANDED**

**COMPLAINT**

Civil Action No. 14-CV-5439

Plaintiff OSMAN JALLOH, by his attorneys, SIMON & GILMAN, LLP, complaining of Defendant THE CITY OF NEW YORK, respectfully states to the Court and alleges that:

1. Subject matter jurisdiction is founded upon "federal question" as defined by 28 U.S.C. §1331 in that Plaintiff herein is alleging a violation of the United States Constitution and/or federal law.

2. Venue is premised on 28 U.S.C. §1391(a)(2) insofar as the cause of action arose in the Southern District of New York.

3. Upon information and belief, and at all times hereinafter mentioned, Defendant was and remains a municipal corporation organized under, and existing pursuant to, the laws of the State of New York.

4. Plaintiff's Notice of Claim and Intention to Sue thereon was duly served upon the Comptroller of The City of New York within the time prescribed by law.

5. Said Comptroller of The City of New York has wholly neglected and refused to make an adjustment in payment thereof more than thirty (30) days after service upon him of said Notice of Claim and Intention to Sue.

1

6. That the instant action is commenced against Defendant by the filing of Plaintiff's Summons and Complaint within one year and ninety days of the accrual of Plaintiff's cause of action herein, and within the time prescribed by law.

7. Commencing on or about Monday, December 9, 2013, at approximately between 6:30 p.m. – 7:00 p.m., at 48th Street and 7th Avenue in the County, City and State of New York, and continuing thereafter, Plaintiff was unlawfully detained by Defendant and the New York City Police Department, their agents, servants, employees, and/or licensees all acting in the performance and furtherance, of their employment and within the scope of their authority committed the following intentional torts and acts of recklessness and/or negligence:

a) False arrest by falsely imprisoning Claimant and falsely accusing him of the various crimes, and by intending to confine the Claimant: the Claimant was conscious of the confinement, did not consent to the confinement, and the confinement was not otherwise privileged, all without just right, probable cause and without grounds therefore;

b) Assault and Battery upon Claimant by unlawfully and intentionally touching him without justification, excuse or consent including but not limited to, touching without consent of various parts and portions of Claimant's person causing him injury;

c) Negligence in failing to use such care in the performance of police duties as a reasonably prudent and careful police officers would have used under similar circumstances, all without any negligence on the part of the Claimant contributing thereto;

d) Negligence of the City of New York, its agent, servants, employees and/or licensees in the hiring and retaining a person or persons who was/were unfit to serve as a policeman and who it knew or should have known had dangerous propensities and lack of proper temperament, in that the City of New York, its agents, servants, employees, and/or licensees failed to exercise reasonable precautions in employing police officers, by failing to properly investigate police officers backgrounds, and in a proper and adequate manner, and in employing police officers who were otherwise unfit to serve as police officers;

e) Negligence of the City of New York, its agents, servants, employees, and/or licensees by failing to exercise proper and adequate care in instructing them as to their deportment, behavior and conduct as police officers and representatives of the City of New York and in the training and instruction;

f) Malicious prosecution by publicly falsely and wickedly accusing Claimant of a crime and/or violation, and by commencing and/or continuing criminal proceedings against him the absence of probable cause with actual malice; and

g) Violation of Civil Rights under 42 U.S.C. 1983 in that Claimant was deprived of his rights, privileges and immunities secured by the Constitution and Law of the United States of America, the State of New York, and/or the City of New York, who under the color of statute or regulation of the United States, the State of New York and/or the City of New York, caused Claimant to be so deprived and other and further violations of Claimant's rights and privileges secured to him under the Constitution and laws of the United States of America, the State of New York and/or the City of New York.

8. Claimant sustained severe and permanent injuries including, but not limited to, loss of liberty, mental anguish and other psychological injuries; shame, humiliation, indignity; damage to reputation and credit; loss of freedom of movement; attorneys fees to defend said false and malicious charges; and punitive damages; and that by reason of the aforesaid Claimant has been damaged in the amount of Six Million Dollars ($6,000,000.00).

9. A trial by jury of all issues is hereby demanded.

WHEREFORE, Plaintiff OSMAN JALLOH demands judgment against Defendant THE CITY OF NEW YORK in the amount of Six Million Dollars ($6,000,000.00), together with the costs and disbursements of this action.

DATED:   July 7, 2014
         Elmhurst, New York

Yours, etc.,

SIMON & GILMAN, LLP
By: Barry Simon, Esq.
Attorneys for Plaintiff
91-31 Queens Blvd. - Suite 411
Elmhurst, NY  11373
(718) 459-6200